PETER (DUNLOP v.). See Case No. 4,168.

---

## Case No. 11,020.

PETER et al. v. SMITH et al.

[5 Cranch, C. C. 383.] [1]

Circuit Court, District of Columbia. March Term, 1838.

PURCHASE OF FIRST LIEN BY SECOND LIENHOLDER —RIGHTS ACQUIRED.

If a second incumbrancer takes up a prior incumbrance, which was also a lien upon other property than that bound by the second incumbrance, the second incumbrancer may resort to the property bound by the first incumbrance, and enforce the lien upon it.

Bill in equity [by George W. Peter and others against Richard Smith and others] to enable second incumbrancers who had taken up the first incumbrance, to indemnify themselves by enforcing the lien of the first incumbrance upon property not covered by the second.

Certain judgments, obtained by the Union Bank of Georgetown, in 1822, against George W. Peter, bound all his real estate. On the 9th of April, 1824, George W. Peter conveyed

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

all his real estate, except eleven lots in Washington, to Thomas Peter, in trust to pay certain debts due by George W. Peter to the Bank of the United States and others, for which Thomas Peter was liable as indorser. These creditors, seeing that those judgments were an incumbrance upon the property conveyed for their security to Thomas Peter, and not knowing that George W. Peter had any other real estate bound by those judgments, with a view to clear the title, so that the trustee might sell the property to the best advantage, and to save the costs of a marshal's sale under execution, agreed that the trustee should pay the debt due upon those judgments to the Union Bank, out of the proceeds of the sales of the trust fund. With this understanding the property was sold on the 17th and 18th of September, 1829. Between that time and the 1st of October next following, it was discovered that there were eleven lots in Washington belonging to George W. Peter, not included in the deed of trust of the 9th of April, 1824, and which were also bound by the judgments in favor of the Union Bank; and it was agreed by the creditors secured by that deed of trust, among whom was the Bank of the United States, that those eleven lots should be conveyed by George W. Peter to Thomas Peter, in trust to discharge the several judgments against George W. Peter, according to their legal priorities; and they were so conveyed on the 1st of October, 1829. Mr. Thomas Peter, the trustee under the deed of the 9th of April, 1824, appointed the defendant, Mr. Richard Smith, his agent to execute that trust. Mr. Smith, who was also the cashier of the Branch Bank of the United States at Washington, sold the property, and on the 6th of January, 1830, paid the debt due to the Union Bank on those judgments of 1822, and took an assignment of them to the Bank of the United States, who have brought writs of scire facias to revive them; which writs are still pending in this court. The Bank of the United States obtained a judgment against Mr. George W. Peter, for $5,000, on the 17th of May, 1824, and now contends that the eleven lots were relieved from the lien of the judgments in favor of the Union Bank, by the agreement to discharge and satisfy those judgments out of the proceeds of the sales of the property conveyed to Thomas Peter, in trust, on the 9th of April, 1824; and that their judgment of the 17th of May, 1824, bound those eleven lots long before they were conveyed to Thomas Peter by George W. Peter, by the deeds of October, 1829, and May, 1830.

On the contrary, the complainants contend, that as a court of equity would have compelled the Union Bank, who had a lien upon the whole, to resort in the first place to the eleven lots which were not covered by the deed of trust, the trustee in that deed, who was the second incumbrancer, and who has paid off the first incumbrance to the Union

Bank, has a right to stand in its place, and use its judgments to indemnify him for the amount thus paid; and that, as the whole of the property has been sold, and the proceeds are within the control of this court, it ought to marshal the assets accordingly; and that the proceeds of the sales of the eleven lots should be applied to reimburse the money taken out of the trust fund, to discharge the debts due to the Union Bank upon the judgments of 1822.

And of that opinion was THE COURT nem. con. Decree accordingly.